**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0487n.06

No. 11-5628

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 09, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| CLEO DALE, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS and GRIFFIN, Circuit Judges; BARZILAY, Judge.[*]

PER CURIAM. Defendant Cleo Dale appeals his sentence imposed by the district court following his guilty plea to charges of being a felon in possession of a firearm and possession with intent to distribute marijuana.

A presentence report was prepared, which showed that Dale, a man in his fifties, had committed several serious crimes while apparently dealing with a cocaine addiction. However, for more than ten years since his last imprisonment, Dale had no further arrests or convictions and had been working at more than one job. Nevertheless, a search of his apartment revealed that Dale was in possession of a loaded pistol, which he stated that he found, as well as a large quantity of marijuana, packaged in individual baggies. The sentencing guidelines range was calculated at 110

---

[*]The Honorable Judith M. Barzilay, Senior Judge for the United States Court of International Trade, sitting by designation.

to 137 months, with 120 months being the statutory maximum on the charge of being a felon in possession of a firearm.

At the sentencing hearing, counsel for Dale argued that a sentence in the range of 41 to 51 months of imprisonment would be reasonable. Counsel argued that Dale's criminal history was overrepresented because all of his previous convictions were due to a cocaine addiction that Dale had overcome. The district court acknowledged Dale's recent law-abiding lifestyle prior to this arrest, but nevertheless noted that the crimes were serious ones and that it was bound to impose a sentence that would deter similar crimes. The court sentenced Dale to 68 months of imprisonment. Dale argues on appeal that his sentence is unreasonable because the district court overemphasized some sentencing factors and gave too little weight to other factors.

We review a sentence for procedural and substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Dale argues that the district court abused its discretion by giving too little weight to his age, citing *United States v. Holt*, 486 F.3d 997, 1004 (7th Cir. 2007), where a below-guidelines sentence based on the defendant's age was upheld. However, this argument is unavailing here because the district court gave Dale a below-guidelines sentence and specifically stated that the result would have been different had Dale been younger. Dale has also cited *United States v. Robertson*, 662 F.3d 871, 878 (7th Cir. 2011), for the proposition that the district court here gave too little weight to Dale's rehabilitative efforts. *Robertson* is distinguishable, however, because that case involved a defendant whom the government had delayed in charging and who rehabilitated himself after committing the crime for which he was being sentenced. The Seventh Circuit upheld the judgment of the district court in the face of a challenge

by the government. That case is no authority for overturning a district court's judgment that simply chose not to vary below the guideline range by as much as the defendant desired. In addition, Dale's counsel points to Dale's rehabilitation following his earlier convictions, but that argument is undercut by Dale's commission of the instant offenses.

We give deference to sentencing decisions due to trial judges' experience in sentencing. *United States v. Poynter*, 495 F.3d 349, 351-52 (6th Cir. 2007). The fact that the court could have imposed a shorter sentence does not demonstrate unreasonableness. *United States v. Smith*, 516 F.3d 473, 478 (6th Cir. 2008). Here, no abuse of discretion in the consideration of the sentencing factors has been demonstrated. Defendant would have preferred a sentence in the range of 41 to 51 months, but the district court's substantially below-guidelines sentence of 68 months is reasonable. Accordingly, we affirm the district court's judgment.